UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY N. MANABAT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>METROPOLITAN LIFE INS. CO.,<br><br>　　　　Defendant. | CV 12-252-RSWL (MANx)<br><br>**ORDER RE: Plaintiff's Motion for Attorney's Fees, Costs, and Interest [35]** |

Currently before the Court is Plaintiff Mary N. Manabat's ("Plaintiff") Motion for Attorney's Fees, Costs, and Interest [35]. The Court having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Plaintiff's Motion.

In an Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA") action, "the court in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). To determine whether an ERISA

1

fees award is appropriate, the court considers the following five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Hummell v. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980); see also McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1772 (9th Cir. 1999). The Court need not find that all of the factors weigh in favor of awarding fees, and no single factor is dispositive. See Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984) ("No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case.").

The Court finds that the Hummell factors weigh against Plaintiff's request for fees. First, the Court finds that Defendant Metropolitan Life Insurance Company ("Defendant") has not acted in bad faith. Rather, the record suggests that Defendant acted in

good faith in seeking to resolve Plaintiff's claim on her mother Marlene S. Manabat's ("Decedent") life insurance policy, including (1) giving timely notice to Plaintiff that her claim was being denied and providing her with the reason for the denial; (2) informing Plaintiff of the appeals process and requesting that Plaintiff submit documents and records to support her claim; (3) informing Plaintiff and her father, Ramon Manabat ("Ramon"), that an interpleader action would be filed unless they could reach an agreement concerning their adverse claims; and (5) making multiple efforts to secure an effective release from Ramon in order to pay Plaintiff the benefit amount.  Defendant had to resolve conflicting claims between Plaintiff and her father because there was no beneficiary designation form in Decedent's employer Bank of America's files for Decedent's insurance plan.  It appears from the record that Defendant was always willing to the pay the $57,000 life insurance benefit so long as Defendant could definitely determine who was entitled to it and establish that Defendant or Bank of America would not be subject to liability.  Indeed, Defendant released the life insurance proceeds in 2012.

Second, Defendant undoubtedly has the ability to satisfy an award of fees.  However, no single Hummell factor is necessarily decisive.  See Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984).  Third, because Defendant did not act in bad

faith, the Court finds that an award of attorneys fees would not deter misconduct of other insurers. Fourth, in seeking to claim benefits from Decedent's life insurance policy, Plaintiff did not seek "to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." Hummell, 634 F.2d at 453. Instead, Plaintiff has sought to benefit only himself. Finally, Defendant's positions had substantial merit because it was ensuring that the correct beneficiary would obtain the life insurance proceeds. Thus, the Court **DENIES** Plaintiff's motion for attorney's fees.

As to the issue of interest, the Court finds that Plaintiff has not established a right to interest, much less interest at the rate of eight percent requested by Plaintiff. The Plan at issue is governed by ERISA, yet Plaintiff in her papers cites to a California statute regulating life insurance, and Defendant in its Opposition cites to North Carolina law regulating life insurance benefits.

Plaintiff's claim to prejudgment interest pursuant to California Insurance Code §10172.5, and to the extent that she claims prejudgment interest pursuant to North Carolina General Statute § 58-58-110, is preempted by ERISA. ERISA section 502(a), 29 U.S.C. § 1132(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions. Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir.

2005).  A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme.  Id.  A state-law cause of action will be preempted under section 502(a) where it "duplicates, supplements, or supplants the ERISA civil enforcement remedy."  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  The preemption of such state-law causes of action is necessary because otherwise, they would "conflict with the clear congressional intent to make the ERISA remedy exclusive . . . ."  Id.  A state statute that entitles plaintiffs to a greater scope of damages than is provided under ERISA "upset[s] 'the careful balancing' Congress engaged in when crafting the 'limited remedies under ERISA.'"  Standard Ins. Co. v. Morrison, 584 F.3d 837, 846 (9th Cir. 2009) (quoting Aetna Health, 542 U.S. at 215).  Here, Plaintiff is seeking to use a state statute to claim prejudgment interest, but ERISA contains no express provision for prejudgment interest.

While it is true that the Ninth Circuit has held that a district court may award prejudgment interest in ERISA cases to compensate a plaintiff for the loss he incurred as a result of the defendant's nonpayment of benefits, see Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 988 (9th Cir. 2001), whether to award prejudgment interest "is a question of fairness, lying within the court's sound discretion, to be answered by

balancing the equities." See Shaw v. Int'l Ass'n of Machinists, 750 F.2d 1458 (9th Cir. 1985). Appropriate considerations include whether the "financial strain" of paying prejudgment interest would injure other plan beneficiaries, and whether the defendants acted in bad faith. See id.; see also Dishman, 269 F.3d at 988. "[T]he interest rate proscribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of prejudgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).

The Court declines to award prejudgment interest to Plaintiff in this Action. As noted above, Defendant did not act in bad faith. Defendant was unaware of Decedent's death until Ramon Manabat filed a claim for life insurance benefits in April 2011. Plaintiff claims that she contacted Bank of America throughout 2005 to make a claim on the life insurance benefits, but provides no evidence; Plaintiff's formal claim for benefits was submitted to Defendant in 2011. Any delay that occurred between 2011 and when Plaintiff obtained the $57,000 life insurance proceeds resulted from the need to resolve the conflicting claims between Plaintiff and her father and Plaintiff's own litigation. Therefore, the Court **DENIES** Plaintiff's claim to prejudgment interest.

1    For the foregoing reasons, Plaintiff's Motion is
2 **DENIED.**
3
4 **IT IS SO ORDERED.**
5 DATED: May 3 , 2012.
6
7                              RONALD S.W. LEW
                         _____
                         **HONORABLE RONALD S.W. LEW**
8                        Senior, U.S. District Court Judge

7